IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | Civil No. 3:18-CV-00992 |
| Plaintiff, | : | |
| v. | : | Judge Jennifer P. Wilson[1] |
| JOHN E. WETZEL, *et al.*, | : | |
| Defendants. | : | Magistrate Judge Karoline Mehalchick |

## **MEMORANDUM**

This is a prisoner civil rights case in which Plaintiff Quintez Talley ("Talley") raises federal and state claims arising from Defendants' failure to timely transfer him as required under a prior settlement agreement. Before the court is Defendants' motion to dismiss, Talley's motion for leave to amend and/or supplement his complaint, and a report and recommendation issued by United States Magistrate Judge Karoline Mehalchick addressing both motions. (Docs. 23, 29, 31.) Judge Mehalchick recommends that the court dismiss Talley's federal claims with prejudice and that the court decline to exercise jurisdiction over the state law claims and dismiss those claims without prejudice. (Doc. 31.) For the reasons that follow, Judge Mehalchick's report and recommendation is adopted in its entirety, and the Defendants' motion to dismiss is granted.

---

[1] On March 25, 2020, this case was reassigned to United States District Judge Jennifer P. Wilson following the passing of the Honorable James M. Munley.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Talley, a self-represented litigant, initiated this action through the filing of a complaint on April 13, 2018.  (Doc. 1.)  On June 3, 2019, Talley filed an amended complaint against the following Defendants: Joshua Glessner, Daniel Moses, Robert Smith, Gerald Criswell, John Wetzel, Tammy Ferguson, Rodney Chism, David Link, Kevin McElwain, Robert Williamson, Michael Worstell, Michael Lefebvre, Ronald Hagg, Dustin Pope, Dean Bowman, Thomas Suchta, and Robert Gilmore (collectively, the "Settlement Defendants"); and the Pennsylvania Department of Corrections ("DOC").  (Doc. 18.)

In his amended complaint, Talley asserts federal and state law claims against Defendants in connection with their alleged violation of a settlement agreement (the "Agreement").  (*Id.*)  Specifically, Talley alleges that under the terms of the Agreement, he agreed to dismiss two federal lawsuits[3] in exchange for his transfer from State Correctional Institution Greene ("SCI-Greene") to State Correctional Institution Graterford ("SCI-Graterford").  (*Id.* at 2.)  Although the parties agreed that his transfer would occur within thirty days of the execution of the Agreement, Talley alleges that Defendants held him at SCI-Greene thirteen days beyond the

---

[2] As the parties do not object to Judge Mehalchick's recitation of the underlying facts, the court describes only the relevant factual background here.
[3] *Talley v. Glessner, et al.*, No. 3:15-CV-00407 (M.D. Pa. filed Feb. 26, 2015); *Talley v. Wetzel, et al.*, No. 3:15-CV-01170 (M.D. Pa. filed June 15, 2015).

agreed-upon deadline. (*Id.* at 3.) Talley alleges that this dilatory transfer violated his constitutional rights under the Fourth and Fourteenth Amendments, materially breached the Agreement, and resulted in false imprisonment, extortion, and a violation of promissory estoppel. (*Id.* at 4–6.)

On January 17, 2020, the Settlement Defendants moved to dismiss the claims in the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[4] (Doc. 23.) In support of their motion, the Settlement Defendants argue that the court lacks subject matter jurisdiction over Talley's claims because federal law does not extend to claims involving the enforcement of settlement agreements. (Doc. 24 at 3–4.) The Settlement Defendants alternatively argue that the amended complaint should be dismissed for failure to state a claim, as the extension of Talley's stay at SCI-Greene did not implicate either the Fourth or Fourteenth Amendments. (*Id.*)

Once the motion to dismiss was fully briefed, *see* Docs. 24, 27, 28, Talley filed a Motion to Amend/Supplement the Amended Complaint. (Doc. 29.) Judge Mehalchick subsequently issued a report and recommendation on June 24, 2020. (Doc. 31.) Judge Mehalchick recommends that the motion to dismiss for lack of subject matter jurisdiction be denied because Talley's claims do not seek to enforce the terms of the Agreement, but rather seek compensation for the alleged

---

[4] The DOC did not join in the Settlement Defendants' motion to dismiss.

violation of his federal rights.  (*Id.* at 11.)  Nonetheless, Judge Mehalchick recommends that the Settlement Defendants' motion to dismiss for failure to state a claim be granted, as Talley does not have a protectible liberty or property interest in his contractual right to be transferred between prisons.  (*Id.* at 13.)  Judge Mehalchick similarly recommends that, based on Talley's failure to state a claim under the Fourth and Fourteenth Amendments, his identical claims against the non-moving DOC Defendant be dismissed.  Judge Mehalchick additionally recommends that further leave to amend Talley's constitutional claims be denied as futile, that Talley's Motion to Amend/Supplement be denied, and that the court decline to exercise jurisdiction over Talley's remaining state law claims.  (*Id.* at 15–17.)

On July 8, 2020, Talley filed objections to the report and recommendation.  (Docs. 32–33.)  The Settlement Defendants filed a brief in opposition to Talley's objections on July 22, 2020.  (Doc. 34.)  Talley then filed a reply brief on July 31, 2020, and a supplemental brief on August 17, 2020.  (Docs. 35–36.)  Accordingly, both parties' motions and the report and recommendation are ripe for the court's disposition.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of

the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper."  *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

### A. The Uncontested Portions of the Report and Recommendation Are Adopted

Talley does not object to Judge Mehalchick's conclusion that the motion to dismiss should be denied pursuant to Fed. R. Civ. P. 12(b)(1) but then granted

pursuant to Fed. R. Civ. P. 12(b)(6).  Talley also does not challenge Judge Mehalchick's recommendation that dismissal be granted as to the non-moving Defendant DOC.[5]  After giving "reasoned consideration" to these uncontested portions of the report and recommendation, the court finds that Judge Mehalchick's analysis is well reasoned and fully supported by the record and applicable law.  *See E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).  The court will adopt these portions of the report and recommendation in full.

### B. The Court Adopts the Recommendation that Further Leave to Amend the Complaint Be Denied

After recommending dismissal of Talley's constitutional claims on the merits, Judge Mehalchick concludes that granting leave to amend would be futile and similarly concludes that Talley's motion to amend/supplement should be denied.  (Doc. 31 at 16.)  Talley objects to Judge Mehalchick's recommendation that leave to amend be denied, arguing that his proposed second amended complaint pertains to the Settlement Defendant's ongoing interference with his

---

[5] Although Judge Mehalchick recommends that the claims against the DOC be dismissed pursuant to the court's statutory screening authority under 28 U.S.C. § 1915(e)(2), sua sponte dismissal is also appropriate.  *See Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, 89 (3d Cir. 2014) (affirming sua sponte dismissal of claims against a non-moving defendant when the moving party's arguments were common to all defendants and the plaintiff had the ability to respond); *see also Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147–48 (3d Cir. 2011) ("The district court may on its own initiative enter an order dismissing [an] action provided that the complaint affords a sufficient basis for the court's action.").

ability to revive the federal lawsuits that he released under the terms of the Agreement. (Doc. 33 at 2–6.) Accordingly, Talley requests that the court grant his motion and accept his proposed second amended complaint as the operative pleading. (*Id.*)

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, if a plaintiff has already amended his complaint once as a matter of course, then "the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)(2)). A district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

The United States Supreme Court has further determined that leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). As relevant here, "'futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Upon careful review of the claims in the operative amended complaint and the proposed second amended complaint, *see* Docs. 18, 29, the court agrees with Judge Mehalchick's conclusion.  Insofar as Talley complains that the Defendants violated his Fourth and Fourteenth Amendment rights by delaying his contractually guaranteed right to be transferred to SCI-Graterford, dismissal is warranted on the grounds of futility.  *See Beo v. District of Columbia*, 44 F.3d 1026, 1028 (D.C. Cir. 1995) (holding that the defendants' breach of a settlement agreement, which stipulated that a prisoner would be transferred to a specific prison for permanent placement, did not implicate procedural or substantive due process rights); *see also Finley v. City of Philadelphia*, No. 11-CV-01205, 2011 WL 3875371, at *4 (E.D. Pa. Aug. 31, 2011) (noting that, in the context of employment discrimination settlements, "[t]he Third Circuit has repeatedly held that contract rights are among 'those state-created property interests' that are 'deemed unworthy of substantive due process' protection." (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 143 (3d Cir. 2000))).

Additionally, to the extent that Talley alleges that the delay in his transfer breached the terms of the Agreement and thus resulted in Defendants precluding him from reviving his previously released federal lawsuits, the federal claims asserted in the proposed second amended complaint are unavailing.  *See, e.g.*, *Melendez v. Horizon Cellular Tel. Co.*, 841 F. Supp. 687, 691 (E.D. Pa. 1994) ("As

a general rule, an individual who executes a settlement agreement cannot 'subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle'" (quoting *Wilmes v. United States Postal Service,* 810 F.2d 130, 132 (7th Cir. 1987))); *see also Krambeck v. Fishbone*, No. 17-CV-03934, 2019 WL 398936, at *5 (E.D. Pa. Jan. 30, 2019) ("Because settlement agreements are contracts, whether a party's release of claims in a settlement agreement is contingent on the other party's performance of the agreement is a question of contract interpretation, governed by principles of state contract law."). Therefore, the court will overrule Talley's objections and adopt the report and recommendation with respect to this issue in full.

### C. The Court Will Adopt Judge Mehalchick's Recommendation and Decline to Exercise Jurisdiction Over Talley's State Law Claims

Judge Mehalchick also recommends that the court decline to exercise supplemental jurisdiction over Talley's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Based on "the values of judicial economy, convenience, fairness, and comity," and the fact that all federal claims are subject to dismissal, Judge Mehalchick concludes that Talley's state law claims should be dismissed without prejudice to him reasserting them in state court. (Doc. 31 at 15 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).)

Talley objects to this determination and argues that it amounts to an abuse of discretion. (Doc. 33 at 7.) Talley also claims that declining to rule on his breach

9

of contract claim would result in a deprivation of due process, because, if Defendants were found to have materially breached the Agreement, only a federal court would have the ability to re-open his previously released lawsuits. (*Id.*) Settlement Defendants argue that Talley's objections lack merit, as he would only be entitled to seek damages—and not the revival of his prior cases—in the event that their performance under the Agreement was deemed untimely or a material breach of contract. (Doc. 34 at 4.)

Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims when all claims over which it had original jurisdiction have been dismissed. The decision to exercise supplemental jurisdiction rests in the court's discretion. *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997). Upon review, the court agrees with Judge Mehalchick that the discretionary exercise of supplemental jurisdiction should be declined over Talley's state law claims. Therefore, the court will overrule Talley's objections and adopt this section of the report and recommendation.

## CONCLUSION

For the reasons stated herein, following de novo review of the contested portions of the report and recommendation, and giving reasoned consideration to the uncontested portions, the court adopts Judge Mehalchick's report and recommendation. Accordingly, the court grants Defendants' motion to dismiss. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 1, 2020